UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FRANK FONTANA, | ) | 1:10cv0932 DLB |
| | ) | |
| | ) | |
| | ) | ORDER REGARDING |
| Plaintiff, | ) | PETITION FOR FEES |
| | ) | |
| v. | ) | (Document 18) |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on a petition for attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), filed on April 21, 2011, by Plaintiff Frank Fontana ("Plaintiff"). Defendant filed an opposition on May 19, 2011, arguing that the fee requested is unreasonable and should be reduced. Plaintiff filed a reply on May 31, 2011.

The matter is currently before the Court on the parties' briefs, which were submitted to the Honorable Dennis L. Beck, United States Magistrate Judge.[1]

**BACKGROUND**

Plaintiff filed the instant Complaint challenging the denial of benefits on May 17, 2010.

On February 2, 2011, the Court granted the stipulated remand and remanded the action for further proceedings. The parties agreed to remand the action for the ALJ to (1) consider

---

[1] The parties consented to the jurisdiction of the United States Magistrate Judge.

1

1  Plaintiff's obesity; (2) consider all medical opinions; and (3) consider Plaintiff's subjective
2  testimony.  The remand order also noted that "[i]f, for any reason, the Administrative Law Judge
3  (ALJ) conducting the hearing cannot issue or sign the decision, the hearing office must comply
4  with HALLEX I-2-8-40, which sets forth the applicable procedures for such a situation."
5       By this motion, Plaintiff seeks $4,332.73 in attorneys' fees for 24.75 hours of attorney
6  time.  In opposition, Defendant contends that the requested fees are unreasonable and suggests
7  that the Court award no more than $1,382.97.

8  **DISCUSSION**

9       Under the EAJA, a prevailing party will be awarded reasonable attorney fees, unless the
10 government demonstrates that its position in the litigation was "substantially justified," or that
11 "special circumstances make an award unjust."  28 U.S.C. § 2412 (d)(1)(A).  An award of
12 attorney fees must be reasonable.  *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001).
13 "[E]xcessive, redundant, or otherwise unnecessary" hours should be excluded from a fee award,
14 and charges that are not properly billable to a client are not properly billable to the government.
15 *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).  A court has wide latitude in determining the
16 number of hours reasonably expended.  *Cunningham v. County of Los Angeles*, 879 F.2d 481,
17 484 (9th Cir. 1988).

18      Plaintiff requests a total of $4,332.73 for attorney time spent in litigating this action.  This
19 breaks down to a total of 24.75 attorney hours billed at 2010 rates.  In support of her request,
20 Plaintiff submits itemizations of time spent by (1) Mr. Wilborn, from April 11, 2010, through
21 April 19, 2011; and (2) Ms. Bosavanh, from March 23, 2010, through March 7, 2011.

22      Defendant does not dispute that Plaintiff is entitled to a fee award as the prevailing party,
23 nor does he dispute the hourly rate.  Rather, he contends that the requested time is excessive.
24 The Court will review Defendant's specific objections.

25 A.   *Mr. Wilborn's Time*
26     1.   Confidential Letter Brief
27      Defendant first objects to the 9.25 hours spent by Mr. Wilborn in reviewing materials and
28 preparing the Confidential Letter Brief from April 11, 2010, through January 13, 2011.

Defendant's argument is based on his belief that Mr. Wilborn, who has experience as an ALJ and is familiar with the HALLEX, should have identified the "obviously reversible error" in "less than 5 minutes." Opposition, at 2. The "obviously reversible error," according to Defendant, is the fact that one ALJ held the hearing but another ALJ, who was not the Hearing Office Chief, signed the decision. Defendant also improperly alludes to the contents of the Confidential Letter Brief by stating that despite "billing a full day" to prepare the Confidential Letter Brief, this "primary issue" was not identified. Opposition, at 3. Finally, Defendant contends that it should not have taken someone with Mr. Wilborn's experience 8 hours "to explain in a letter that the ALJ should have given more consideration to the fact that Plaintiff was 5'4" and weighed up to 352 pounds, properly explain his treatment of the medical opinions and properly assess Plaintiff's credibility." Opposition, at 3.

Defendant's argument suggests that preparation of the Confidential Letter Brief requires no more than a cursory perusal of the ALJ's decision and Administrative Record, and that the brief itself need consistent of only a few conclusory sentences. The opposite is true, however. The Confidential Letter Brief is a claimant's first opportunity to present the issues to Defendant in arguing for remand. Surely, preparation for such a letter requires a thorough review of the Administrative Record and the ALJ's decision, identification of all legal issues and drafting persuasive arguments.

The Court rejects Defendant's invitation to downplay the importance of the Confidential Letter Brief and it will not surmise how "quickly" Mr. Wilborn should have identified the issues. The Court also recognizes Mr. Wilborn's declaration, in which he explains that he did identify the HALLEX error but, in light of the Ninth Circuit law that HALLEX does not create judicially enforceable duties, determined that it was, "at worst, a clerical error." He could not determine how the signature issue prejudiced Plaintiff in any way and, familiar with the concept of harmless error, determined that raising the issue as reversible error would be frivolous. May 31, 2011, Declaration of Ralph Wilborn.

The Court also notes that Mr. Wilborn's time spent in preparation of the Confidential Letter Brief was not time wasted as the action was soon after remanded pursuant to the parties'

stipulation.  Defendant contends that the Confidential Letter Brief did not convince him to remand the action without further litigation, but, notwithstanding the accuracy of this statement, this does not render Mr. Wilborn's time unreasonable.

Finally, the Court notes that the Commissioner often doesn't object to similar time spent by Mr. Wilborn on the Confidential Letter Brief in other actions that *do not* result in an immediate remand.  In those actions, the Commissioner uses the time spent on the letter brief to argue for a reduction in time spent in preparing the Opening Brief.  As there is no Opening Brief here, it appears that Defendant has shifted his focus to cutting time on the letter brief by setting forth specious arguments.  Surely, Defendant can't really believe that Mr. Wilborn's billing "is so excessive, it should be denied entirely."  Opposition, at 3.

If the Court deems reimbursement appropriate, Defendant suggests that the Court award no more than one hour for preparation of the letter brief.  The Court rejects Defendant's suggestion, and will not award so little time for work spent on a brief that appears to have achieved its intended result.  Accordingly, the Court finds that Mr. Wilborn should be compensated for the 8.0 hours billed on November 2, 2010, for review, research, analysis and preparation of the Confidential Letter Brief.

The 1.25 hours billed on April 11, 2010, and January 13, 2011, however, are duplicative of tasks performed by Ms. Bosavanh, Plaintiff's attorney of record, and will not be compensated.  As this Court has explained in other actions, Defendant should not be forced to pay duplicative fees simply because Ms. Bosavanh has hired an attorney to assist in brief writing.

2.      EAJA Motion

Finally, Defendant objects to the 2.0 hours spent by Mr. Wilborn in preparation of the EAJA fee petition and supporting documents.  Citing the similarities to other EAJA petitions, Defendant contends that 2.0 hours is excessive and that both attorneys should receive 1.5 hours total for their EAJA tasks.

As this Court has previously explained, the similarity of the documents does not negate the underlying work that must be performed prior to finalizing the document.  Moreover, preparing an itemized time sheet for an EAJA fee motion is not a clerical task as counsel must

1  review the time records to make sure the time is properly billed to the client, ensure that time
2  billed is accurate and redact any privileged information.  See *Fortes v. Astrue,* 2009 WL
3  3007735, *4 (S.D. Cal. 2009) (allowing 2.75 hours reviewing time records and logs to prepare a
4  billing sheet in support of an EAJA motion).

5        The Court has generally awarded .5 hours for preparation of the simple motion and 1.5
6  hours for preparation of the EAJA time sheet, and will allow the same time here.  Mr. Wilborn is
7  therefore entitled to 2.0 hours for these tasks.

8        Mr. Wilborn is therefore entitled to a total of 10.0 hours.

9  B.   *Ms. Bosavanh's Time*

10     1.   Clerical Tasks

11       Defendant objects to numerous entries as clerical in nature.  This Court has held many
12 times, however, that tasks such as reviewing Court documents, preparing consent forms,
13 preparing service documents are typically performed by an attorney and are compensable.
14 *Williams v. Apfel*, 2000 WL 684259, *2 (S.D. Ind. 2000).  Nonetheless, some of the time spent is
15 excessive.  Ms. Bosavanh billed 1.3 hours on June 3, 2010, for preparation of service documents
16 and completion of the consent form.  The Court finds that .3 hours is reasonable compensation
17 for these tasks.

18       Moreover, although Ms. Bosavanh should be compensated for reviewing Court
19 documents and service documents, the method of billing has resulted in a large amount of time
20 billed for these simple tasks.  Ms. Bosavanh mainly billed .1 on numerous days, resulting in 1.4
21 total hours for simply glancing at documents.  The Court finds that .5 hours total is adequate
22 compensation for reviewing the documents identified on May 20 and 25, June 11, July 5, 9 and
23 14, October 5 and December 9 and 10, 2010.

24       On November 3, 2010, Ms. Bosavanh billed .2 hours for submitting the Confidential
25 Letter Brief.  As this document did not need to be filed with the Court, submitting likely meant
26 "faxing" or "mailing," both of which are clerical activities.  As Ms. Bosavanh's review prior to
27 signing the document is captured elsewhere, the Court will not allow this time.

28

2.     Unspecific Entries

Defendant objects to .1 hours spent on both April 14, 2010, and January 13, 2011, to "receive and review" emails from Mr. Wilborn.  The April 14, 2010, entry notes that the email was about the federal court appeal, though there is no description for the January 13, 2011, email.  Defendant contends that these entries are "insufficiently specific."  As Plaintiff points out, though, Mr. Wilborn's time entries show that he prepared emails to Ms. Bosavanh on April 11, 2010, about the merits of the appeal and another on January 13, 2011, about the proposed stipulation.  These are attorney communications which are reimbursable.  As the Court did not allow time for Mr. Wilborn to avoid duplication of efforts, the Court will allow Ms. Bosavanh's time on these two dates.

3.     Duplicative Work

Defendant next objects to certain entries as duplicative based on Mr. Wilborn's role as the main researcher and writer.[2]

On October 12, 2010, Ms. Bosavanh billed 1.1 hours to "receive and check contents of transcript; mail to brief-writing attorney."  Defendant contends this is duplicative because it was Mr. Wilborn, not Ms. Bosavanh, who ultimately wrote the briefs.

The Court agrees.  The Government should not be forced to pay increased fees simply because Ms. Bosavanh has decided to employ another attorney to actually write the briefs.  While there are certain instances where overlap is warranted, it is not warranted for these tasks.  There is no indication that Mr. Wilborn was unable to determine if the record was complete.  Moreover, although Ms. Bosavanh suggests that she had a professional responsibility to review the record to familiarize herself with facts because she was the attorney signing the briefs, the Court takes this necessity into consideration in allowing for time to review the *actual* briefs.  Therefore, the 1.1 hours billed on October 12, 2010, will not be allowed.

Ms. Bosavanh also billed 1.1 hours on November 2, 2010, to receive and review the Confidential Letter Brief.  As Ms. Bosavanh is the attorney fo record and likely signed the

---

[2] Plaintiff has conceded .6 hours for time spent on May 24, 2010, and May 25, 2010.

1  Confidential Letter Brief, she is entitled to review the document prior to signing it.  However, to
2  limit the number of duplicative hours, the Court will only allow .5 hours for this task.
3         Finally, Defendant objects to a total of 1.4 hours spent on February 1 and 2, 2011, for
4  checking the Court docket, receiving and reviewing the proposed stipulation for remand and
5  reviewing the order of remand.  The Court agrees that this time is excessive for these short,
6  simple tasks and allows a total of .4 hours.
7         4.     EAJA Motion
8         Finally, Defendant also objects to Ms. Bosavanh's time entry on March 7, 2011, when she
9  spent 1.5 hours preparing EAJA fee time documents.  Defendant characterizes the time as
10 excessive and clerical in nature.
11        Contrary to Defendant's suggestion, preparing an itemized time sheet for an EAJA fee
12 motion is not a clerical task as counsel must review the time records to make sure the time is
13 properly billed to the client, ensure that time billed is accurate and redact any privileged
14 information.  See *Fortes v. Astrue,* 2009 WL 3007735, *4 (S.D. Cal. 2009) (allowing 2.75 hours
15 reviewing time records and logs to prepare a billing sheet in support of an EAJA motion).  The
16 Court will therefore allow 1.5 hours for Ms. Bosavanh.
17        Ms. Bosavanh's remaining entries are not challenged and will be allowed.

## **AWARD**

19        Plaintiff's motion is therefore GRANTED.  Plaintiff is entitled to an award in the total
20 amount of $3,168.59 broken down as follows:
21     Mr. Wilborn:
22     10.0 hours at $175.06 per hour    $1,750.60
23     Ms. Bosavanh:
24     8.1 hours at $175.06 per hour    $1,417.99
25     This amount is payable to Plaintiff pursuant to *Astrue v. Ratliff,* 130 S. Ct. 2521 (2010).
26     IT IS SO ORDERED.
27     Dated:   **July 21, 2011**                    **/s/ Dennis L. Beck**
                                                     UNITED STATES MAGISTRATE JUDGE
28