# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK FONTANA, | ) 1:10cv0932 DLB |
| | ) |
| Plaintiff, | ) ORDER REGARDING APPLICATION |
| | ) FOR ATTORNEY FEES |
| v. | ) |
| | ) (Document 23) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

Petitioner Sengthiene Bosavanh ("Counsel"), attorney for Plaintiff Frank Fontana, filed the instant application for fees on December 7, 2011. Counsel requests fees in the amount of $30,445.05 pursuant to 42 U.S.C. § 406(b)(1).

Defendant did not file an opposition.

**BACKGROUND**

Plaintiff filed this action on May 17, 2010. On February 2, 2011, the Court granted the parties' stipulation to remand the action for further proceedings. On July 21, 2011, the Court granted Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $3,168.59.[1]

---

[1] Throughout the application, Counsel indicates that the EAJA motion was granted in the amount of $2,557.39. According to the July 21, 2011, order, however, fees were granted in the total amount of $3,168.59. Plaintiff does not explain any reason for the discrepancy and the Court will therefore use the correct amount of $3,168.59 in this analysis.

1

On September 19, 2011, Administrative Law Judge Daniel G. Heely issued a decision finding Plaintiff disabled since November 2, 2005. Exhibit 2, attached to Application.

Pursuant to the ALJ's decision, the Commissioner issued a Notice of Award on October 12, 2011. Exhibit 3, attached to Application. The Notice indicates that Plaintiff is entitled to past-due monthly benefits beginning in May 2006. Unlike most Notice of Awards, however, neither the total amount of past-due benefits nor the amount withheld for attorney's fees is set forth. Using the chart of the yearly benefit amounts, the past-due benefit is calculated to be $121,780.20.[2]

By this motion, Counsel seeks an award of $30,445.05 for 24.7 hours of attorney time.[3] This amount represents 25 percent of the past-due award. After crediting $3,168.59 received previously pursuant to the EAJA, Counsel requests a net fee of $27,276.46 from the past-due award.

## DISCUSSION

42 U.S.C. § 406(b)(1)(A) provides in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . .

In *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002), the Supreme Court explained that a district court reviews a petition for section 406(b) fees "as an independent check" to assure that contingency fee agreements between claimants and their attorneys will "yield reasonable results in particular cases." The Court must respect "the primacy of lawful attorney-client fee agreements," *id.* at 793, "looking first to the contingent-fee agreement, then testing it for reasonableness." *Id.* at 808; *see also Crawford v. Astrue*, 586 F.3d 1142 (9th Cir. 2009). Agreements are not enforceable to the extent that they provide for fees exceeding 25 percent of

---

[2] Counsel sets forth the exact calculations in her declaration, for a total of $121,780.20 in past-due benefits awarded from May 2006 through September 2011. Declaration of Sengthiene Bosavanh, ¶ 4. The Court's calculations yield the same amount.

[3] Legal work was performed by attorneys Sengthiene Bosavanh and Ralph Wilborn.

the past-due benefits. *Gisbrecht*, 535 U.S. at 807. "Within the 25 percent boundary. . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*.

In determining the reasonableness of an award, the district court should consider the character of the representation and the results achieved. *Id.* at 808. Ultimately, an award of section 406(b) fees is offset by an award of attorney's fees granted under the EAJA. 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796.

In *Crawford v. Astrue*, the Ninth Circuit recently suggested factors that a district court should examine under *Gisbrecht* in determining whether the fee was reasonable. In determining whether counsel met their burden to demonstrate that their requested fees were reasonable, the Court noted that (1) no reduction in fees due to substandard performance was warranted, and the evidence suggested that counsels' performance was nothing other than excellent; (2) no reduction in fees for dilatory conduct was warranted, as the attorneys in these cases caused no excessive delay which resulted in an undue accumulation of past-due benefits; and (3) the requested fees, which were significantly lower than the fees bargained for in the contingent-fee agreements, were not excessively large in relation to the benefits achieved and when taking into consideration the risk assumed in these cases. *Crawford,* 586 F.3d at 1151-1152.

Here, there is no indication that a reduction of fees is warranted for substandard performance. Counsel is an experienced, competent attorney who secured an extremely favorable result for Plaintiff. There is no indication that Counsel engaged in any dilatory conduct resulting in excessive delay. Finally, Counsel requests an amount equal to the 25 percent contingent-fee that Plaintiff agreed to at the outset of the representation. Exhibit 1, attached to Application. The $30,445.05 fee ($27,276.46 net fee after subtracting the previously awarded EAJA fee) is not excessively large in relation to the past-due award of $121,780.20. In making this determination, the Court recognizes the contingent nature of this case and Counsel's assumption of the risk of going uncompensated. *Hearn v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003).

Ms. Bosavanh and Mr. Wilborn submitted detailed billing statements in support of this fee request. Exhibits 4 and 5, attached to Application.

### **ORDER**

Based on the foregoing, Counsel's section 406(b) Application is GRANTED in the amount of $30,445.05. This amount should be payable directly to Counsel. Upon payment, Counsel is directed to refund $3,168.59 to Plaintiff.

IT IS SO ORDERED.

**Dated:   January 26, 2012**            /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE